## State of Vermont v. Frank W. Noyes

[596 A.2d 340]

No. 90-200

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed June 21, 1991

*Thomas M. Kelly*, Deputy State's Attorney, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Carlyle Shepperson*, West Corinth, for Defendant-Appellant.

**Morse, J.** Defendant appeals his conviction by a jury for sexually assaulting a fifteen-year-old girl, 13 V.S.A. § 3252(a)(3), raising numerous claims, most of which merit little discussion. We affirm.

Defendant was accused of sexually abusing the victim by digitally penetrating her. The victim lived with her mother in defendant's house. Evidence was introduced that in addition to the incident leading to the charge, defendant had similarly assaulted the victim many times over the course of years.

## I. Trial

### A.

■ Defendant asked the court to exclude all expert testimony on post-traumatic stress disorder (PTSD). The court denied the motion, relying on *State v. Catsam*, 148 Vt. 366, 369–70, 534 A.2d 184, 187–88 (1987), and holding that the psychologist expert could testify about PTSD symptoms but not that the victim was telling the truth about the assault. In *State v. Gokey*, 154 Vt. 129, 133–34, 574 A.2d 766, 768 (1990), we recognized that profile evidence is properly admissible to explain the victim's delay in reporting the abuse, recantation of the charges, and continued contact with the alleged abuser. In this case, the victim exhibited all these behaviors, and defendant used them to impeach her credibility. The court did not abuse its discretion in allowing profile evidence for rehabilitation. Defendant asks that we overrule *Catsam* and *Gokey* and make all such profile evidence per se inadmissible; we decline to do so.

### B.

■ The expert on PTSD symptoms related the victim's account of the alleged assault, including her identification of defendant as her abuser, but he did not object. He now asserts that the court committed plain error by allowing this testimony. We agree it was error but do not find plain error. *State v. Ross*, 152 Vt. 462, 468–70, 568 A.2d 335, 338–40 (1989). The expert did

not bolster the victim's credibility; she stated, "I can only tell you what she told me," and "It's not up to me to decide if she was abused or who abused her." In addition, there was substantial evidence from other witnesses of defendant's guilt.

## C.

The trial court did not err in admitting evidence of prior instances of sexual abuse. On one occasion in 1981, while bathing the victim and her cousin, defendant had put vaseline on his fingers and digitally penetrated each of them, telling them that he was doing it for "health reasons." Also, on numerous occasions between 1978 and 1987, he similarly assaulted the victim. All of the incidents of abuse, including the behavior that led to the charge of sexual assault, stemmed from activity occurring when the victim and her family lived in defendant's home. The basis for the charge was that defendant entered the victim's bedroom, removed her clothing, applied vaseline to his fingers, and inserted them into her vaginal opening, telling her that he was trying to determine if she was pregnant.

The evidence of prior abusive behavior was offered to rebut defendant's theory that the victim fabricated the charged incident after attempting sex with her boyfriend, that is, to confirm the perpetrator's identity, and his distinctive pattern of abusive conduct (child victims, digital penetration, use of vaseline, purported "health reasons"). V.R.E. 404(b) (evidence of wrongful activity may "be admissible . . . as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"). The trial court properly weighed the evidence under V.R.E. 403 (probative value weighed against unfair prejudice). *State v. Derouchie*, 153 Vt. 29, 34–35, 568 A.2d 416, 418 (1989) (abuse of discretion standard presents a heavy burden and is "difficult to satisfy").

## D.

Defendant has failed to show that the trial court abused its discretion in: (1) denying a last-minute request for a continuance to investigate two prior claims of sexual misconduct made by the victim, where defendant made no offer of proof other than speculation that this pattern of claims showed that the vic-

tim's accusations were false; (2) limiting defendant's cross-examination of the victim regarding one of these allegations, as cumulative evidence, V.R.E. 403 (probative value weighed against cumulative evidence), after defendant had thoroughly pursued his theory that the victim had a pattern of false abuse accusations, cross-examining her for more than eight hours, including numerous questions about other prior sexual misconduct allegations; (3) denying defendant's request, made with scant justification, to have his own expert conduct a psychological examination of the victim, see *State v. Ross*, 152 Vt. at 466-67, 568 A.2d at 338 (proper to deny "reciprocal discovery" unless need is apparent); and (4) refusing to grant a mistrial after a witness stated, under the defense's own persistent questioning about why she was concerned about defendant's presence in the victim's household, that defendant "had been charged before." See *State v. Chambers*, 144 Vt. 377, 380–81, 477 A.2d 974, 977 (1984) (fact that defendant "opened the door" may be considered in denying motion for a mistrial).

## II. Sentencing

### A.

Defendant sought to expunge from the presentence investigation report all statements that he continued to deny guilt, arguing that this was an appropriate exercise of his fifth amendment right not to incriminate himself and that he should not in effect be punished for it. Defendant portrays himself on the horns of a dilemma: if he did not admit guilt, he could be punished for lack of remorse; if he admitted guilt, he could urge the court to give him a lighter sentence but his confession might be used against him at retrial if he prevailed on appeal.

Defendant's dilemma is illusory because he misses a critical point. This is not a case where defendant remained silent at trial. Defendant took the stand on his own behalf and adamantly insisted under oath he was innocent. In response to questioning by his own attorney, "Do you deny this accusation that you sexually assaulted [the victim]?," he responded, "I do." At first he testified that he had put vaseline on the victim's vagina as treatment for her skin condition; later on cross-examination he denied ever putting vaseline on her vagina, though he admitted

putting it on other parts of her body. He denied ever inserting his fingers into the victim's vagina. In addition, he attempted to shift the blame to the victim's boyfriend, who, defendant claimed, had raped her on three separate occasions.

■ Defendant was found guilty because the jury did not believe him. His testimony and demeanor at trial are proper factors to consider in sentencing. *United States v. Grayson*, 438 U.S. 41, 50 (1978). In particular, "defendant's truthfulness or mendacity while testifying on his own behalf, almost without exception, has been deemed probative of his attitudes toward society and prospects for rehabilitation and hence relevant to sentencing." *Id.* Consequently, if the sentencing judge believes that a defendant lied on the stand, even if no formal charge of perjury has been pursued, the sentencer may take defendant's lying into account. *Id.* at 53-54.

The present case is distinguishable from those where defendant has pled guilty or nolo or where he has gone to trial but not taken the stand. See *State v. Gleason*, 154 Vt. 205, 211–12, 576 A.2d 1246, 1249–50 (1990) (defendant who pleads guilty or nolo may invoke fifth amendment privilege against self-incrimination to prevent possible sentence enhancement); *State v. Cox*, 147 Vt. 421, 423, 519 A.2d 1144, 1145–46 (1986) (same). In those cases, defendant had not placed his version of the crime on the record prior to sentencing and sought to avoid giving incriminating details about it.

■ In this case the damage defendant complains about was done at trial, not during the presentence investigation. As a practical matter, defendant had no dilemma at all. He had incentive not to change his story because by admitting guilt he could only have confirmed what the sentencer may have already suspected—that he lied at trial. A statement of awakening repentance after trial would more likely have been perceived, given defendant's testimony, as cynically self-serving. Under these circumstances, defendant's speculation that admitting guilt at the eleventh hour would have resulted in more lenient sentencing is unrealistic.

## B.

■ Defendant's other objections to information included in the presentence investigation report are without merit. He has

failed to show that facts underlying a 1952 conviction for lewdness were "materially inaccurate" or that the court abused its discretion by relying on them. *State v. Chambers*, 144 Vt. at 384, 477 A.2d at 979 (burden on defendant to demonstrate that information relied on at sentencing is inaccurate or inappropriate).

Defendant also failed to show that the court abused its discretion in refusing to strike a statement made by the State's psychologist expert that if defendant were determined to be a "sadistic pedophile," he would be difficult to treat. Defendant objected on the grounds that the statement was not a fact but an opinion, and that the opinion was unreliable because the expert had never examined him, but the court adequately answered these objections by indicating that it would not consider the statement to be a diagnosis of defendant.

*Affirmed.*