726 So.2d 1236 (1998)
James Kenneth BOGGAN, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01292 COA.
Court of Appeals of Mississippi.
December 30, 1998.
*1237 Melvin C. Ellis, III, Tupelo, Attorney For Appellant.
Office of the Attorney General By Pat Flynn, Jackson, Attorney For Appellee.
Before THOMAS, P.J., and COLEMAN, DIAZ and HINKEBEIN, JJ.
DIAZ, J., for the Court:
¶ 1. James Boggan, Jr. was convicted of capital rape and sexual battery. From this conviction, he perfects his appeal to this Court and argues that the trial court erred in allowing the introduction of character evidence. Finding his argument without merit, we affirm.

FACTS
¶ 2. On November 25, 1996, James Boggan, Jr. was indicted for the capital rape and sexual battery of his nine-year-old daughter, G.B. According to G.B., her father penetrated her vagina with his finger and attempted to have sexual intercourse with her. He also forced G.B. to perform oral sex on him. G.B. testified that the sexual abuse occurred numerous times, and that Boggan threatened to kill her, her sisters, and her mother if she told anyone. G.B. finally reported the abuse to her sister, who in turn contacted the Department of Human Services. G.B. was then examined by Dr. Linda Chidester who testified that after examining G.B., she was highly suspicious that G.B. had indeed suffered from sexual abuse. Based on the evidence presented at trial, the jury found Boggan guilty as charged. It is from this conviction that he appeals to this Court.

DISCUSSION
¶ 3. Boggan argues that the trial court erred in allowing G.B. to testify that he forced her to watch pornographic videotapes, that he frequently walked around the house without wearing his underwear, and that he exposed himself to his daughters in the bathroom. Boggan complains that the admission of this testimony was improper character evidence intended to inflame the jury.
¶ 4. While evidence of the defendant's prior bad acts is generally inadmissible in a criminal trial, "[e]vidence of other crimes, wrongs, or acts is ... admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." M.R.E. 404(b). Furthermore, evidence of other offenses is admissible when it is reasonably connected with the offense for which the defendant is being tried and is essential for relating a rational and coherent story to the jury. Lovejoy v. State, 555 So.2d 57, 59 (Miss.1989); Townsend v. State, 681 So.2d 497, 505 (Miss.1996).
¶ 5. We believe that the evidence of which Boggan complains indicates a series of improper sexual acts and shows a continuing and purposeful course of child sexual abuse.
*1238 Shelton v. State, 445 So.2d 844, 848 (Miss. 1984). Because G.B.'s testimony was admitted to show Boggan's "lustful, lascivious disposition" toward her, Mitchell v. State, 539 So.2d 1366, 1372 (Miss.1989), we find that the trial court committed no error. Therefore, Boggan's assignment of error is dismissed as lacking in merit.
¶ 6. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT OF CONVICTION ON COUNT I OF CAPITAL RAPE AND SENTENCE OF LIFE IMPRISONMENT WITHOUT PAROLE; COUNT II OF SEXUAL BATTERY OF A CHILD UNDER FOURTEEN YEARS OF AGE AND SENTENCE OF THIRTY YEARS TO RUN CONCURRENT WITH SENTENCE IMPOSED IN COUNT I; AND COUNT III OF SEXUAL BATTERY OF A CHILD UNDER FOURTEEN YEARS OF AGE AND SENTENCE OF THIRTY YEARS TO RUN CONSECUTIVELY WITH SENTENCES IMPOSED IN COUNTS I AND II, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, HERRING, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.