## A98A2445. SUTTON v. THE STATE.
### (511 SE2d 888)

SMITH, Judge.

David Charles Sutton was indicted on charges of kidnapping with bodily injury and rape. A jury found him guilty of kidnapping with bodily injury and simple battery. His motions for new trial as amended were denied, and he appeals. Sutton's contention on appeal is that evidence of prior difficulties between the victim and himself was erroneously admitted. We find no error, and we affirm.

Construed to uphold the verdict, evidence was presented that Sutton and the victim had been involved in a romantic relationship for several years. The victim considered Sutton to be her common law

husband, although she and Sutton were separated at the time of this incident. In February 1997, while grocery shopping, Sutton and the victim began arguing after he saw a "hickey" on her neck and became angry. She testified that after she purchased her groceries and walked outside the store with Sutton, he grabbed her by her neck, "with his fingernails in me." Sutton then pulled the victim "real hard by my arm" through the store parking lot, across the highway, and into a wooded area. The victim stated that she did not know where she and Sutton were going as he was pulling her. After they reached this wooded area, Sutton told her he wanted her to have sex with him. The victim testified that she did not want to have sexual intercourse with Sutton but did so because she was afraid. The victim reported the incident to the police after she and Sutton left the wooded area, and Sutton was arrested.

Sutton contends that evidence of prior incidents of violence toward the victim was improperly admitted. The state presented evidence of several altercations that occurred between July 1994 and February 1997, the date of the incident at issue in this case. According to the victim, in July 1994, she and Sutton began fighting after Sutton's friend told him that the victim "was talking to another guy." Twice in April 1996, during arguments about money, Sutton again physically fought with the victim, hitting her. In May 1996, during an argument, Sutton kicked the victim in the chest and punched her. She testified that she could "hardly breathe." On each of these occasions, although the police were called, the victim later expressed her desire to drop charges. Evidence also was presented that the victim wrote a letter concerning the charges in this case stating she "didn't want to file a rape [charge] against [Sutton] because I guess it wasn't really rape."

Following a hearing, the trial court ruled these prior difficulties admissible, concluding that the probative value of the evidence outweighed its prejudicial impact. The court found that the incidents showed "a pattern of abuse Mr. Sutton uses on [the victim] to get his way. It shows a predisposition of violence to negate the element of consent." As further basis for its ruling, the court stated that this evidence showed Sutton's "state of mind, that he habitually uses violence to get his way" and that the prior difficulties showed "a continuing pattern of battery and shows he has the intent to use it whenever he needs to do so to punish [the victim], to get his way, to intimidate her, and ultimately to force her to consent to sex and kidnapping her to get her there." We note that before evidence of these prior difficulties was introduced, the trial court instructed the jury on the limited purpose for which the evidence could be considered. See *Wall v. State*, 269 Ga. 506, 509 (500 SE2d 904) (1998).

We find no error. The basis for the trial court's decision is well

supported in our law. As stated in *Wall*, supra, "evidence of the defendant's prior acts toward the victim, be it a prior assault, a quarrel, or a threat, is admissible when the defendant is accused of a criminal act against the victim, as the prior acts are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted. [Cits.]" Id.[1] Here, the trial court explicitly weighed the prejudicial impact against the probative value of the objected-to evidence, and the objected-to evidence clearly showed Sutton's pattern of conduct toward the victim. Moreover, at trial, Sutton sought to show that the victim consented to going into the woods and to having sexual intercourse. Given this defense, evidence of the prior difficulties between Sutton and the victim was admissible. "[H]is continuing pattern of abusing and intimidating the victim . . . is evidence that he likely abused and coerced the victim on this occasion and that she was too afraid of him to refuse his demands. [Cits.]" *Bohannon v. State*, 208 Ga. App. 576, 579-580 (2) (b) (431 SE2d 149) (1993).

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 9, 1999.

*Robert Greenwald*, for appellant.

*Daniel J. Porter, District Attorney, Rodney K. Miles, Assistant District Attorney*, for appellee.

---

[1] We note that it is no longer necessary for trial courts to "conduct a pre-trial hearing and make certain findings before evidence of prior difficulties between the defendant and the victim can be admitted at trial." *Wall*, supra at 509, overruling *Maxwell v. State*, 262 Ga. 73, 74 (2) (414 SE2d 470) (1992).