## A06A0078. CLEMENTS v. THE STATE.
### (632 SE2d 702)

JOHNSON, Presiding Judge.

A jury found Rex Clements guilty of ten counts of child molestation and two counts of aggravated child molestation for acts committed against four girls. The trial judge imposed a 30-year sentence for the aggravated child molestation counts and 20-year sentences for the child molestation counts. Clements moved for a new trial, but the judge denied the motion. Clements appeals from his conviction and the denial of his motion for a new trial.

1. Clements claims that the evidence is insufficient to support his conviction because there were inconsistencies in the testimony of the victims. The claim is without merit.

> [I]t is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses, and the presence of such conflicts does not render the evidence insufficient. When a criminal defendant challenges the sufficiency of the evidence supporting his conviction, we view the evidence in the light most favorable to the verdict. The relevant question for this court is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

In the instant case, the minor victims testified about various sexual acts that Clements had committed against them, including touching their vaginas with his fingers, mouth, penis and a vibrator. Three of the girls told a school counselor about the sexual abuse. The Department of Family and Children Services was contacted, and all of the victims told a DFCS case manager how Clements had sexually molested them.

---

[1] (Footnotes omitted.) *Malone v. State,* 277 Ga. App. 694, 696 (1) (627 SE2d 378) (2006).

The testimony of the victims alone was sufficient to establish the elements of the crimes charged.[2] Moreover, their testimony was corroborated by the outcry witnesses — the school counselor and the DFCS case manager.[3] Having reviewed all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Clements is guilty of child molestation and aggravated child molestation.

2. Clements complains that the trial court erred in prohibiting evidence of purportedly false allegations of prior sexual abuse by two of the victims. Clements, however, has failed to meet his burden of establishing a reasonable probability of falsity.

Before evidence of previous false allegations of sexual abuse can be admitted, the trial court must determine outside the jury's presence that a reasonable probability of falsity exists.[4] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[5] The defendant has the burden of coming forward with evidence at the hearing to establish a reasonable probability that the victim had made a prior false accusation of sexual misconduct.[6]

Clements failed to meet this burden. A review of the transcript reveals that at the hearing Clements did not even clarify for the court exactly what the prior allegations of abuse were or how he could prove their falsity; he even admits in his appellate brief that there was confusion at the hearing as to the precise allegations and who had made them. At most, it appears from the transcript that one of the victims may have told someone that she had lied about a prior abuse allegation, but in spite of this purported recanting DFCS still substantiated the allegation of abuse. Indeed, when the trial judge asked Clements' attorney how she would prove that the prior allegations were false in light of DFCS having substantiated them, she stated that she did not know how she would prove falsity.

"[A] trial court's ruling upon the admissibility of such evidence will not be overturned absent an abuse of discretion."[7] Given the confusion as to the precise prior allegations at issue and Clements' failure to come forward with any evidence establishing a reasonable probability of falsity, we find no abuse of discretion in, and will not overturn, the trial court's ruling.

3. Clements, citing the rule of sequestration, argues that the trial court erred in allowing the state's victim assistance coordinator to

---

[2] Id.

[3] See *Rosser v. State*, 276 Ga. App. 261, 263 (1) (623 SE2d 142) (2005).

[4] *Williams v. State*, 266 Ga. App. 578, 580 (1) (597 SE2d 621) (2004).

[5] Id.

[6] Id.

[7] (Citation omitted.) *Kelley v. State*, 233 Ga. App. 244, 251 (5) (503 SE2d 881) (1998).

remain in the courtroom throughout the trial. But Clements' reliance on the rule of sequestration is misplaced because the coordinator was not a witness.

OCGA § 24-9-61 sets forth the right to have witnesses sequestered: "Except as otherwise provided in [OCGA §] 24-9-61.1, in all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other." The purpose of the rule of sequestration is to prevent a witness who has not testified from having his testimony affected by that of another witness.[8] "[T]he rule is not otherwise applicable to spectators and it is not designed to exclude nonwitnesses from the courtroom."[9]

In the present case, when Clements sought to exclude the state's victim assistance coordinator from the courtroom, the prosecutor announced that he was not going to call her as a witness, and she in fact did not testify. Because the coordinator was not a witness subject to sequestration, the trial court did not err in allowing her to remain in the courtroom during the trial.[10]

4. Clements contends that the judge erroneously denied his motion for a mistrial based on one of the jurors having fallen asleep during the trial. We find no reversible error.

> Should a juror fall asleep during the course of a trial it is the duty of the trial judge to awaken him. Should counsel or the parties in a trial observe a sleeping juror it is their duty to bring it to the attention of the court. What a litigant may not do is observe a juror sleeping, fail to bring this to the judge's attention at a time when corrective action may be had, take a chance on a favorable verdict, and then when the verdict is unfavorable have a mistrial or new trial because of the otiose juror.[11]

While Clements did not wait until after the verdict to bring the sleeping juror to the trial court's attention, he did fail to inform the judge about the juror when he first observed him sleeping. During the motion for a mistrial, Clements' brother told the court that he had seen the juror sleeping for about an hour-and-a-half prior to the lunch recess and that he had pointed him out to Clements' attorney, who also saw the man sleeping. But Clements and his attorney did not bring the matter to the court's attention at that time; instead, they

---

[8] *Lackey v. State*, 246 Ga. 331, 334 (5) (271 SE2d 478) (1980).

[9] Id. at 335 (5).

[10] See *Banks v. State*, 225 Ga. App. 754, 756 (3) (484 SE2d 786) (1997) (no error in allowing investigator who did not testify to remain in courtroom during trial).

[11] (Footnote omitted.) *Yount v. State*, 249 Ga. App. 563, 566 (2) (548 SE2d 674) (2001).

waited until after the hour-and-a-half lunch recess to inform the court and move for a mistrial. The court denied the motion, but gave the jurors a curative instruction, cautioning them to stay awake and alert during the trial.

"The granting of a motion for a mistrial is within the discretion of the trial court, and the trial court's ruling will not be disturbed when the trial court has taken remedial measures sufficient to ensure a fair trial."[12] In light of Clements' failure to bring the juror to the court's attention when he was sleeping and when corrective action could have been taken, the trial court's remedial measure of giving the jury a cautionary instruction was sufficient and the court did not abuse its discretion in denying a mistrial.

5. Clements asserts that the trial court erred in allowing the state to introduce evidence of other transactions involving him and the victims. Contrary to Clements' assertions, the evidence was admissible, not as similar transaction evidence, but as evidence of prior difficulties.

> Unlike similar transactions, prior difficulties between the parties are not independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus. Evidence of a defendant's prior act toward the same victim, whether an assault, a quarrel, or a threat, is admissible as evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted.[13]

Here, the evidence in question involved Clements' prior sexual acts against the same victims involved in this prosecution, his prior showings of pornographic material to these victims, and his threats against them to remain quiet about his sexual abuse of them. The trial court properly admitted this evidence of prior difficulties between Clements and the victims.[14]

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[12] (Punctuation and footnote omitted.) Id.

[13] (Citations and punctuation omitted.) *Hill v. State*, 243 Ga. App. 124, 125-126 (2) (532 SE2d 491) (2000).

[14] See *Sutton v. State*, 236 Ga. App. 363, 364-365 (511 SE2d 888) (1999).

DECIDED JUNE 13, 2006.

*Melinda I. Ryals*, for appellant.
*Catherine H. Helms, District Attorney*, for appellee.