2009 ND 120

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Wilson Grant PAUL, Sr., Defendant and Appellant.**

**No. 20080292.**

Supreme Court of North Dakota.

July 9, 2009.

Leah Jo Viste, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Monty Grant Mertz, Fargo Public Defender Office, Fargo, ND, for defendant and appellant.

MARING, Justice.

[¶ 1] Wilson Grant Paul, Sr., appeals from a criminal judgment entered on a jury verdict finding him guilty of class AA felony gross sexual imposition. We conclude the district court did not commit reversible error in its evidentiary rulings and the evidence is sufficient to sustain the verdict. We affirm.

I

[¶ 2] In July 2007, Paul, his girlfriend, and their three children lived in a small apartment in Fargo. Paul's girlfriend's son from a previous relationship and a nephew also lived in the apartment. The apartment was located on the second floor of a house that had been converted into apartments, and Paul's mother lived on the first floor. During the July 4th holiday that year, Paul had numerous guests at the apartment. The victim, L.L., a nine-year-old niece of Paul's girlfriend, was one of the guests.

[¶ 3] L.L. and her fourteen-year-old sister, V.L., had resided with Paul and his girlfriend when the family lived in South Dakota from 2004 to 2006. In March 2006, the family moved with L.L. and V.L. to Fargo. L.L. and V.L. left Fargo two months later in May 2006 to live with the mother of Paul's girlfriend, S.L., in Oklahoma. After their July 2007 visit to Fargo, S.L., V.L., and L.L. returned to Oklahoma. In August 2007, L.L. informed V.L. and S.L. that Paul had been inappropriately touching her. S.L. contacted the Oklahoma Department of Health and Human Services, and a social worker there conducted a videotaped interview with L.L. Following an investigation by Oklahoma authorities and the Fargo Police Department, Paul was charged with gross sexual imposition for having L.L. "touch his penis with her hand" in the apartment during June or July 2007.

[¶ 4] After a pretrial evidentiary hearing, the district court ruled out-of-court hearsay statements made by L.L. to V.L., S.L., and the Oklahoma social worker on the videotape were admissible. During trial, the jury was allowed to view the social worker's videotaped interview of L.L. and to hear S.L. and V.L.'s testimony about what L.L. had told them. The substance of the testimony included allegations that Paul had sexually abused L.L. at times and places other than during June or July 2007 in Fargo. The court also allowed a counselor from the Rape and Abuse Crisis Center of Fargo/Moorhead to testify as an expert witness about the length of time children would delay reporting sexual abuse and what their presentation would be when they reported it. L.L. testified three times during the trial. The first two times L.L. said she could not remember any sexual abuse occurring. The third time she testified that while in the bathroom of the apartment, Paul "made me go like this (indicating) to his privates." Paul denied having sexually abused L.L. and his girlfriend also testified in his defense. The jury returned a guilty verdict, and Paul was sentenced to 25 years in prison with 7 years suspended, and to 10 years of supervised probation.

## II

■ [¶ 5] Paul argues the district court erred in allowing a counselor from the Rape and Abuse Crisis Center to testify as an expert on the delay in reporting sexual abuse by children and the presentation of children when they make disclosures about sexual abuse.

■ [¶ 6] Under N.D.R.Ev. 702, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." The rule envisions generous allowance of the use of expert testimony if the witness is shown to have some degree of expertise in the field in which the witness is to testify. *State v. Streeper,* 2007 ND 25, ¶ 23, 727 N.W.2d 759. The decision to admit expert testimony is discretionary with the district court. *State v. Schmidkunz,* 2006 ND 192, ¶ 15, 721 N.W.2d 387. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

[¶ 7] The counselor testified she had a master's degree in clinical counseling and her clients are people of all ages who have experienced sexual abuse, sexual assault, domestic violence, dating violence, and harassment. She has counseled approximately 115 children in the 12 years she has worked at the Center. She takes continuing education courses to keep her certification and has attended national training conferences on child sexual abuse. In ruling the counselor could testify as an expert, the court reasoned:

[The counselor] did say that she's worked with 111 children that were sexually abused themselves. She worked with them as a therapist. She bases her opinion on her expertise and her experience, her 12 years of experience working at Rape and Abuse Center, the ongoing education that she had received in those areas, the books that she's read, the staffing and consultation that she's done with other employees at the agency and in national conferences that she's been to. And the Court concludes that on the very narrow issue that she is testifying to that she is qualified as an expert.

[¶ 8] The district court's decision is not arbitrary, unreasonable, or unconscionable, and is the product of a rational mental process. We conclude the district court did not abuse its discretion in allowing the counselor to testify as an expert.

### III

[¶ 9] Paul challenges on two grounds the admission of L.L.'s videotaped interview and the testimony of S.L. and V.L. regarding what L.L. had told them. Paul argues L.L.'s out-of-court hearsay statements lacked sufficient guarantees of trustworthiness, and because the substance of those statements implicated him in crimes for which he was not charged, admission of this "other crimes" evidence was reversible error.

### A

[¶ 10] Paul argues the district court erred in admitting L.L.'s out-of-court hearsay statements under N.D.R.Ev. 803(24) because there were insufficient guarantees of trustworthiness and reliability for those statements.

[¶ 11] Although Paul challenged the admission of the evidence before trial, he did not renew his objection when the evidence was offered at trial. Because Paul failed to make a contemporaneous objection on hearsay grounds when the evidence was presented at trial, we review for obvious error affecting substantial rights under N.D.R.Crim.P. 52(b). *See, e.g., State v. Wegley,* 2008 ND 4, ¶ 13, 744 N.W.2d 284. An alleged error does not constitute obvious error unless it is a clear deviation from an applicable legal rule under current law, *State v. Krull,* 2005 ND 63, ¶ 6, 693 N.W.2d 631, and even if the defendant establishes obvious error, we will not exercise our discretion to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *State v. Hirschkorn,* 2002 ND 36, ¶ 22, 640 N.W.2d 439, *overruled on other grounds, State v. Blue,* 2006 ND 134, ¶ 21, 717 N.W.2d 558.

[¶ 12] Rule 803(24), N.D.R.Ev., provides a hearsay exception for a child's out-of-court statements about sexual abuse:

An out-of-court statement by a child under the age of 12 years about sexual abuse of that child or witnessed by that child is admissible as evidence (when not otherwise admissible under another hearsay exception) if:

(a) The trial court finds, after hearing upon notice in advance of the trial of the sexual abuse issue, that the time, content, and circumstances of the statement provide sufficient guarantees of trustworthiness; and

(b) The child either:

(i) Testifies at the proceedings; or

(ii) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

The nonexclusive factors to be considered for Rule 803(24) trustworthiness include "(1) 'spontaneity and consistent repetition' of the statements, (2) 'the mental state of the declarant,' (3) 'use of terminology unexpected of a child of similar age,' and (4) 'a lack of motive to fabricate.' " *State v. Muhle,* 2007 ND 131, ¶ 12, 737 N.W.2d 636 (quoting *State v. Messner,* 1998 ND 151, ¶ 15, 583 N.W.2d 109, *overruled on other grounds, State v. Blue,* 2006 ND 134, ¶ 21, 717 N.W.2d 558). The factors relate to whether the child declarant was particularly likely to be telling the truth when the statement was made, and a district court must make explicit findings on the factors and explain its reasoning for its decision. *Muhle,* at ¶ 12. We apply the abuse of discretion standard to review a district

court's evidentiary rulings under N.D.R.Ev. 803(24), and we will not reverse unless the court's ruling was arbitrary, capricious, or unreasonable, or a misinterpretation or misapplication of the law. *Wegley*, 2008 ND 4, ¶ 12, 744 N.W.2d 284.

[¶ 13] The district court made oral findings at the conclusion of the pretrial evidentiary hearing:

> [A]t issue before the Court are the admissibility of the out-of-court statements that L.L. made to her sister V.L., her grandmother [S.L.] and the Oklahoma social worker. These statements clearly are hearsay and would be inadmissible as such without an exception. The applicable exception is Rule 803(24). That exception would allow these out-of-court statements to be admissible if two criteria are met. First, the declarant, L.L., must testify at the trial which I understand that she will and this condition is met.
>
> Secondly, the Court must find that the time, content, and circumstances of the statement provide … sufficient guarantees of trustworthiness. And in assessing this second condition of trustworthiness the Supreme Court in State versus Messner set forth four factors for trial courts to consider to decide whether statements have particularized guarantees of trustworthiness, and the first is spontaneity and consistent repetition. L.L.'s statements to V.L. that the defendant did, quote, nasty things including having L.L. do an up and down motion on his private part, having her suck his private part, and the defendant touching her private parts were spontaneous statements initiated by the two girls sharing secrets.
>
> L.L.'s statement[s] to Grandma [S.L.] were also spontaneous in response to a general question of what happened. The statement to [S.L.] regarding the up and down motion on defendant's private parts was consistent with what she had told V.L. L.L.'s statement to [S.L.] that the defendant pulled down her pants and licked her private parts is not inconsistent with L.L.'s statement to V.L. that defendant touched her private parts. The statements that L.L. made to the social worker regarding the up and down motion on defendant's private parts causing ejaculation is consistent with her previous statements. The statement that defendant made L.L. watch nasty movies while she did this up and down motion is not inconsistent. L.L.'s statement to the social worker that defendant naked from the waist down got on top of L.L. naked from the waist down placing his private part on L.L.'s private part and ejaculating is a statement not made before. But this statement is perhaps inconsistent with what was told V.L. and [S.L.], but this inconsistency alone the Court concludes does not bar admissibility. The social worker did not lead L.L. to make this statement. These statements were spontaneous statements in response to general questions that the social worker asked about what happened.
>
> The next factor is the mental state of L.L. when the statements were made. She was crying while relaying these events to V.L. and [S.L.]. She was actually resistant to repeating these statements to her Grandmother [S.L.]. Her statements to the social worker appeared candid and intelligent and—although she was hesitant in describing these events.
>
> The next issue is the use of terminology. The terms that L.L. used to describe these events are what one would expect from a 9–year old. Describing the up and down motion, referring to defendant's genitals as a thing, referring to her genitals as a thing, referring to

things as nasty. The Court is somewhat concerned with the word "jackoff," but V.L. testified—V.L. testified to, but there is really no credible evidence that L.L. ever made that statement herself or used that term.

The last factor is the lack of motive to fabricate, and there is absolutely no evidence before the Court that L.L. had any moti[ve] to fabricate or that she was influenced by anyone who had such a motive. The Court therefore concludes that the statements L.L. made to V.L., [S.L.] and the social worker have sufficient guarantees of trustworthiness and are admissible under Rule 803(24) as an exception to the hearsay rule.

[¶ 14] The district court thoroughly analyzed the appropriate factors and explained its reasoning for admitting the evidence in extensive findings of fact. We conclude Paul has not established the district court committed obvious error or abused its discretion in ruling on the trustworthiness of L.L.'s out-of-court hearsay statements.

### B

[¶ 15] Paul argues the district court's admission of this "other crimes" evidence was reversible error under N.D.R.Ev. 404(b).

[¶ 16] S.L. testified that L.L. told her when L.L. was living with Paul in South Dakota Paul " 'licked my privates,' " "made her stick his private in her mouth," and "tried to put it in her private." V.L. testified L.L. told her Paul "would make her watch nasty movies with him, and he would feel on her private and he made her suck his private and jack off for him." During the videotaped interview with the Oklahoma social worker, L.L. further described incidents of sexual abuse by Paul which had not occurred in Fargo.

[¶ 17] Rule 404(b), N.D.R.Ev., provides

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

[¶ 18] District courts must apply a three-step analysis to determine whether other crimes evidence is admissible:

1) the court must look to the purpose for which the evidence is introduced; 2) the evidence of the prior act or acts must be substantially reliable or clear and convincing; and 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts.

*State v. Alvarado*, 2008 ND 203, ¶ 14, 757 N.W.2d 570 (quoting *State v. Gaede*, 2007 ND 125, ¶ 26, 736 N.W.2d 418). The court must also consider whether, under N.D.R.Ev. 403, the probative value of the evidence outweighs any prejudicial effect. *Alvarado*, at ¶ 19. We review a district court's evidentiary rulings under N.D.R.Ev. 404(b) under the abuse of discretion standard. *Id.* at ¶ 9.

[¶ 19] Immediately after ruling L.L.'s hearsay statements had sufficient guarantees of trustworthiness, the district court concluded the evidence was not excluded under N.D.R.Ev. 404(b), reasoning:

And now we're left with the defendant's 404(b) concerns. An [sic] evidence of other crimes such as defendant's alleged sexual abuse of L.L. in South Dakota is not admissible to prove that he sexually abused L.L. here in North Dakota unless it is admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absent [sic] the mistake or accident.

Prior act evidence is inadmissible when the evidence of a wholly separate and independent crime is being alleged here. And I'm citing *State v. Christ[e]ns[e]n*, [1997 ND 57,] 561 N.W.2d 631, .... And here the defendant's alleged acts of sexual abuse against L.L. in South Dakota before the acts in North Dakota are evidence of a plan and preparation. That evidence would suggest that the acts in South Dakota and North Dakota were patterns of the same activity with the same parties. And much like the evidence of preparation and grooming of the victim the court found to be admissible in Christ[e]ns[e]n, this evidence is similarly relevant toward those purposes. The Court still must balance this evidence under Rule 403 to determine whether its probative value is substantially outweighed by the danger of its unfair prejudice and the Court concludes that it is not outweighed and that this evidence is not excluded under Rule 404(b).

[¶ 20] In *State v. Christensen*, 1997 ND 57, ¶ 2, 561 N.W.2d 631, the case relied upon by the district court, the defendant was convicted by a jury of two counts of gross sexual imposition for sexual acts with a minor. The defendant argued the district court improperly admitted under N.D.R.Ev. 404(b) and 403 evidence of prior non-criminal acts of physical contact between the defendant and the victim which occurred in Minnesota. *Id.* at ¶¶ 2, 3, 6. This Court ruled:

We do not believe this is a Rule 404(b) issue. The long-standing common law rule on prior-act evidence is that it is inadmissible when it is evidence of "a wholly separate and independent crime" and is used to show a propensity to commit such acts. 2 Charles Alan Wright, Federal Practice and Procedure § 410 (1982). Rule 404(b) is an embodiment of this common law rule. 22 [Charles A.] Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5239 (1978). Thus, Rule 404(b) only excludes evidence of other acts and crimes committed by the defendant when they are *independent* of the charged crime, and do not fit into the rule's exceptions. Rule 404(b) was not intended, as Christensen maintains, to exclude evidence of activity in furtherance of the same criminal activity. To apply Rule 404(b) in the manner Christensen argues would create a ludicrous result, and we will not adopt such an interpretation. *See County of Stutsman v. State Historical Society*, 371 N.W.2d 321, 325 (N.D.1985). The State introduced the evidence to show part of the preparation, the "grooming," Christensen undertook before he engaged in the criminal act. The evidence showed Christensen had gained not only GBO's trust, but her parent's trust as well, and then used this trust to get closer to GBO. We believe the trial court viewed Christensen's actions in Minnesota as preparation for further activity. The trial court did not abuse its discretion in admitting evidence regarding the non-criminal acts which occurred in Minnesota.

*Id.* at ¶ 8.

[¶ 21] Paul argues *Christensen* is distinguishable because the evidence in this case involved allegations of criminal acts,

rather than non-criminal acts that constituted grooming and preparation. Paul further argues that, unlike the situation in *Christensen*, the testimony established that he and L.L. "had not been together at any point between May 2006 and July 2007, a period of about fourteen months," and consequently, each alleged prior sexual act with L.L. would have constituted a wholly separate and independent crime. We disagree.

[¶ 22] In *Alvarado*, 2008 ND 203, ¶¶ 1, 2, 757 N.W.2d 570, the defendant was convicted by a jury of felonious restraint for restraining his wife under terrorizing circumstances by grabbing her against her will, throwing her over his shoulder, and running toward their house. The State had requested that the wife be allowed to testify to prior acts of domestic violence, including acts of criminal assault, committed by the defendant. *Id.* at ¶¶ 3, 5, 12. Relying on *Christensen*, we held the district court did not abuse its discretion in holding the challenged evidence was not N.D.R.Ev. 404(b) evidence. *Id.* at ¶ 12. "[T]he prior acts of domestic violence were not independent acts; rather, they were evidence of activity in furtherance of the same criminal activity, similar to the evidence admitted in *Christensen*." *Id.* *Alvarado* establishes that the principles of *Christensen* are not limited to prior non-criminal acts.

[¶ 23] We are not persuaded that the 14–month period between the prior acts of sexual abuse and the charged crime renders those acts too remote and turns them into wholly independent crimes. In *State v. Thompson*, 139 N.C.App. 299, 533 S.E.2d 834, 839 (2000) (quoting *State v. Frazier*, 121 N.C.App. 1, 464 S.E.2d 490, 495 (1995)), the court stated " 'When there is a period of time during which there is no evidence of sexual abuse, the lapse does not require exclusion of the evidence if the

defendant did not have access to the victim [ ] during the lapse.' " *See also State v. Casady*, 491 N.W.2d 782, 786 (Iowa 1992) (internal citation omitted) (" '[A]ny issue as to remoteness of the prior incident is almost completely defused by the fact that during the time gap between the prior incident and the [present offense], defendant was in confinement in a correctional institution.' ").

[¶ 24] In this case, Paul did not have access to L.L. from May 2006 until July 2007 because she was living in Oklahoma. Moreover, the prior acts and the charged crime involved the same victim. *Compare State v. Osier*, 1997 ND 170, ¶ 5, 569 N.W.2d 441 (reversible error to allow evidence that defendant engaged in sexual misconduct with his minor niece eight years earlier in a prosecution of defendant for having intercourse with his minor daughter). Other courts have held that evidence of prior sexual abuse of a victim of the charged crime is not evidence of wholly separate and independent crimes, and is not evidence of "other crimes" for purposes of evidence rules similar to N.D.R.Ev. 404(b). *See, e.g., Clements v. State*, 279 Ga.App. 773, 632 S.E.2d 702, 706 (2006) (evidence of defendant's prior acts toward the same victim is not evidence of independent acts or occurrences, but is admissible as evidence of the relationship between the victim and the defendant to show the defendant's motive and intent in committing the act against the victim for which the defendant is charged); *State v. McHenry*, 276 Kan. 513, 78 P.3d 403, 408–09 (2003), *disapproved on other grounds, State v. Gunby*, 282 Kan. 39, 144 P.3d 647 (2006) (evidence of prior sexual acts of similar nature between the same parties is admissible independent of other crimes rule where the evidence is offered to establish the relationship of the parties, the existence of a continuous course of conduct between the parties, or to corroborate the

testimony of the complaining witness to the act charged); *State v. Crosley,* 350 Mont. 223, 206 P.3d 932, 944 (2009) (evidence of acts of incest against victims that occurred in other states and counties was not wholly independent or unrelated to charged offenses of incest subject to rule on other crimes evidence, but was inextricably linked to, and explanatory of, the charged offenses).

[¶ 25] The prior acts of sexual abuse in this case were not independent acts, but were evidence of activity in furtherance of the same criminal activity. *See Alvarado,* 2008 ND 203, ¶ 12, 757 N.W.2d 570. We conclude the district court did not abuse its discretion in ruling the evidence was not N.D.R.Ev. 404(b) evidence and in allowing its admission.

[¶ 26] Even if the prior acts of sexual abuse constituted "other crimes" evidence subject to N.D.R.Ev. 404(b), we believe the evidence was admissible under the exceptions to the rule. In *Alvarado,* 2008 ND 203, ¶¶ 13, 15, 16, 757 N.W.2d 570 (internal citation omitted), we held in the alternative that the prior act evidence would have been admissible under a N.D.R.Ev. 404(b) analysis because it showed the defendant's "intent" and provided " 'a more complete story of the crime by putting it in context of happenings near in time and place.' " Similarly, in *State v. Ramsey,* 2005 ND 42, ¶ 24, 692 N.W.2d 498, this Court held evidence that the defendant engaged in sexual misconduct with the minor victim after the charged offense was committed was admissible to show a plan or the absence of mistake or accident under the exceptions to N.D.R.Ev. 404(b). Numerous courts have held that uncharged prior acts of sexual abuse between the defendant and the same victim are admissible under the exceptions to other states' counterparts to N.D.R.Ev. 404(b). *See, e.g., Screws v. State,* 584 So.2d 950,

951–52 (Ala.Ct.Crim.App.1991) (motive); *Peratrovich v. State,* 903 P.2d 1071, 1073–74 (Alaska Ct.App.1995) (common scheme or plan); *Miller v. State,* 135 Idaho 261, 16 P.3d 937, 944 (Ct.App.2000) (motive, opportunity, intent, preparation, identity, or plan); *People v. Wilson,* 246 Ill.App.3d 311, 186 Ill.Dec. 226, 615 N.E.2d 1283, 1288 (1993) (intent, design, course of conduct, intimate relationship, and corroboration of victim's testimony); *Harp v. Commonwealth,* 266 S.W.3d 813, 822–23 (Ky. 2008) (intent, identity, absence of mistake or accident); *People v. Layher,* 238 Mich. App. 573, 607 N.W.2d 91, 98 (1999) (corroborate victim's testimony); *Boggan v. State,* 726 So.2d 1236, 1237–38 (Miss.Ct. App.1998) (motive, intent, and plan); *State v. Barrett,* 41 S.W.3d 561, 563–64 (Mo.Ct. App.2001) (motive and presenting complete and coherent picture of what transpired); *State v. Cox,* 169 P.3d 806, 813–14 (Utah Ct.App.2007) (ongoing behavioral pattern of abuse); *State v. Noyes,* 157 Vt. 114, 596 A.2d 340, 341–42 (1991) (identity and pattern of abusive conduct); *State v. Sexsmith,* 138 Wash.App. 497, 157 P.3d 901, 905–06 (2007) (common scheme or plan); *see also* F.R. Evid. 414(a) ("In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.").

[¶ 27] We disagree with Paul that the district court's analysis under N.D.R.Ev. 404(b) was somehow deficient. The evidence was not offered to prove Paul's character to show he committed the charged crime. The court found the evidence was introduced for the purpose of showing "a plan and preparation," and "that the acts in South Dakota and North Dakota were patterns of the same activity

with the same parties." Although the court does not separately address in its discussion the substantial reliability of the prior act evidence or the requirement of independent proof of the crime charged, the court's N.D.R.Ev. 404(b) ruling appears in the paragraphs of the transcript immediately following its ruling on the trustworthiness of L.L.'s hearsay statements. In that discussion, the court determined L.L.'s hearsay statements had sufficient guarantees of trustworthiness, in effect finding that the evidence of the prior acts was substantially reliable. The court noted L.L. would testify at trial, thereby providing independent proof of the crime charged. The court also determined that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice under N.D.R.Ev. 403, and at Paul's request gave limiting instructions on the permissible purposes of prior acts evidence based on N.D.J.I. K–5.30 during the trial and in the final jury instructions. *See Ramsey*, 2005 ND 42, ¶ 30, 692 N.W.2d 498. A jury is presumed to follow instructions given by the court. *Id.* at ¶ 31. We cannot say the court abused its discretion in allowing admission of the "other crimes" evidence under the exceptions to N.D.R.Ev. 404(b).

[¶ 28] We conclude the district court did not err in allowing the introduction of evidence of Paul's prior acts of sexual abuse against L.L.

### IV

[¶ 29] Paul argues the evidence is insufficient to sustain his conviction.

[¶ 30] In *State v. Goebel*, 2007 ND 4, ¶ 33, 725 N.W.2d 578 (internal citations omitted), we said:

Our review of the sufficiency of the evidence to support a jury verdict is ... very limited. We look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. After viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, we will only reverse a conviction if no rational fact finder could have found the defendant guilty beyond a reasonable doubt.

[¶ 31] Paul was charged with committing a "sexual act" with L.L. under N.D.C.C. § 12.1–20–03(1)(d) and (3)(a) by having L.L. "touch his penis with her hand." *See* N.D.C.C. § 12.1–20–02(3) ("[s]exual act" is "sexual contact between human beings consisting of contact between ... any ... portion of the human body and the penis"). L.L. testified Paul "made me go like this (indicating) to his privates," and we conclude this testimony is sufficient to establish sexual contact. Although Paul contends the evidence is insufficient because the "case rested entirely on L.L.'s testimony," the uncorroborated testimony of a child is sufficient to sustain a conviction of a sexual offense. *See, e.g., State v. Morstad*, 493 N.W.2d 645, 646 (N.D.1992). We conclude the evidence is sufficient to sustain the verdict.

### V

[¶ 32] The criminal judgment is affirmed.

[¶ 33] CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.

GERALD W. VANDE WALLE, C.J.

I concur in the result.