1997 ND 57

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Karmith Arnold CHRISTENSEN, Defendant and Appellant.**

Criminal No. 960293.

Supreme Court of North Dakota.

April 1, 1997.

Constance L. Cleveland, Assistant State's Attorney, Fargo, for plaintiff and appellee.

Robin L. Olson (argued), Olson Law Office, Grand Forks, and Brian W. Nelson (on brief), Nelson Law Office, Fargo, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Karmith Christensen appealed from a conviction of two counts of gross sexual imposition. Christensen contends the trial court improperly admitted evidence regarding his prior conduct and the trial court erred when it permitted testimony to be read at the jury's request. We affirm.

[¶ 2] In June 1996, Christensen was convicted of two counts of gross sexual imposition, class A felonies. N.D.C.C. § 12.1–20–03. Christensen was found to have engaged in sexual acts with GBO, a minor, on several occasions from 1995 to 1996. These acts took place in North Dakota and Minnesota. Prior to trial, Christensen brought a motion to suppress evidence of the acts which occurred in Minnesota, arguing they constituted prior acts and were unfairly prejudicial. The State responded stating it did not intend to introduce any evidence of any prior criminal behavior, only evidence of behavior which led to "the preparation of this child for the increase[d] intensity of the activity." The trial court denied Christensen's motion, under Rule 403, N.D.R.Evid., stating it would measure the prejudicial weight versus the probative weight of the evidence at the time of introduction. The trial court did ask "the State not surprise us so that the Court can make a ruling on [the evidence]."

[¶ 3] At trial, a police officer testified to acts of touching which occurred in both Minnesota and North Dakota. Christensen objected to the statements and asked they be stricken, but was overruled. Subsequently, while deliberating, the jury requested portions of a police officer's testimony be read, particularly parts which related to comments "regarding Mr. Christensen's statement about the physical contact being mutual and where [it] occurred." Christensen objected, stating the jury should be required to rely on its recollection of the testimony. The objection was overruled and Christensen contends the result was further emphasis to the jury of the location of specific acts.

[¶ 4] The jury convicted Christensen of both charges of gross sexual imposition and was sentenced to seven years, with two years suspended. Christensen challenges the conviction on grounds the trial court improperly admitted evidence regarding prior acts and erred in permitting the officer's testimony to be read to the jury or, in the alternative, the court erred in unnecessarily limiting the testimony read to the jury.

[¶ 5] We review a trial court's evidentiary rulings under an abuse of discretion standard. *Knudson v. Director, North Dakota Dept. of Transportation*, 530 N.W.2d 313, 316 (N.D.1995); *Crowston v. Goodyear Tire & Rubber Co.*, 521 N.W.2d 401, 412 (N.D.1994). A trial court abuses its discretion when it acts in an arbitrary or capricious manner, or misapplies or misinterprets the law. *Filler v. Bragg*, 1997 ND 24, ¶ 9, 559 N.W.2d 225; *Weber v. Weber*, 548 N.W.2d 781, 783 (N.D.1996). We apply this deferential standard of review to provide the trial courts with greater control in the admissibility of evidence. *Knudson*, 530 N.W.2d at 316.

[¶ 6] Christensen contends the trial court improperly admitted evidence regard-

ing non-criminal acts which occurred in Minnesota. Christensen argues this evidence was used to show conformity with the acts which occurred in North Dakota, and as such, should have been inadmissible under Rules 404(b) and 403, N.D.R.Evid.

[¶ 7] Rule 404(b), in relevant part, states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."

Under Rule 404(b), a trial court is to apply a three step analysis which considers; 1) the purpose for which the evidence is introduced, 2) the evidence of the prior act or acts must be substantially reliable or, "clear and convincing," and, 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts. *State v. Micko*, 393 N.W.2d 741, 744 (N.D.1986) (citations omitted). Following this analysis, the trial court must finally determine if, under Rule 403, the probative value of the evidence outweighs any possible prejudicial effect. *Id.* at 744; *State v. Stevens*, 238 N.W.2d 251, 258 (N.D.1975). No such analysis is evident on the record in this case.

 [¶ 8] We do not believe this is a Rule 404(b) issue. The longstanding common law rule on prior-act evidence is that it is inadmissible when it is evidence of "a wholly separate and independent crime" and is used to show a propensity to commit such acts. 2 Charles Alan Wright, Federal Practice and Procedure § 410 (1982). Rule 404(b) is an embodiment of this common law rule. 22 Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5239 (1978). Thus, Rule 404(b) only excludes evidence of other acts and crimes committed by the defendant when they are *independent* of the charged crime, and do not fit into the rule's exceptions. Rule 404(b) was not intended, as Christensen maintains, to exclude evidence of activity in furtherance of the same criminal activity. To apply Rule 404(b) in the manner Christensen argues would create a ludicrous result, and we will not adopt such an interpretation. *See County of Stutsman v. State Historical Society*, 371 N.W.2d 321, 325 (N.D.1985). The State introduced the evidence to show part of the preparation, the "grooming," Christensen undertook before he engaged in the criminal act. The evidence showed Christensen had gained not only GBO's trust, but her parent's trust as well, and then used this trust to get closer to GBO. We believe the trial court viewed Christensen's actions in Minnesota as preparation for further activity. The trial court did not abuse its discretion in admitting evidence regarding the non-criminal acts which occurred in Minnesota.

[¶ 9] Christensen also contends the trial court erred when, after the jury requested reading of certain testimony, it limited the particular portions of testimony to be read to the jury. Section 29–22–05, N.D.C.C., states, in relevant part:

"After the jurors have retired for deliberation, if they desire ... to have any testimony about which they are in doubt or disagreement read to them, they, upon their request, must be conducted into the courtroom.... Upon their being brought into court, the information required must be given in the presence of, or after notice to, the state's attorney and the defendant or his counsel...."

Any emphasis that is put on testimony which is read back to the jury is "an inescapable potential consequence of Section 29–22–05 which unequivocally directs the testimony be given at the jury's request." *State v. Hartsoch*, 329 N.W.2d 367, 372 (N.D.1983).

 [¶ 10] Here, the trial court, after the jury requested a witness's entire testimony be read, asked the jury to "isolate any specific questions or areas of the officer's testimony" it wanted read. The jury did so, and the court stated,

"[t]he jury has inquired, I believe this is the third message, 'Could we hear the statement by Officer Jones regarding Mr. Christensen's statement about the physical contact being mutual and where this occurred.'"

"The record should reflect that the attorneys and the Court Reporter have perused the record and have identified two areas where statements were made regarding at least mutuality, although we are unable to identify an area where anything was stated about where this occurred."

Christensen objected, arguing, "I think the jury should be instructed to rely on their recollection of the testimony. Otherwise, it would give greater emphasis to one portion of the testimony than to others." Christensen's motion was contrary to § 29–22–05. On appeal, Christensen attempts to recast the objection by arguing it was error to limit the testimony read to the jury. But this objection was not made to the trial court and we will not consider objections on appeal which were not raised in the trial court. *State v. Manhattan*, 453 N.W.2d 758, 759 (N.D.1990). It is apparent Christensen could have objected to the court's request and specifically asked to have the cross-examination of the officer read to the jury as well, but did not.

█ [¶ 11] While, under § 29–22–05, it is not in the trial court's discretion to deny a jury's request to have testimony read to it, we have previously held the reading of testimony not specifically requested by a juror was harmless error. *Hartsoch*, 329 N.W.2d at 372. Thus, a trial court, in its discretion, may request the jury to specify the testimony it desires to rehear to save time and avoid confusion. Our review of the transcript reveals no obvious error resulting from not reading additional testimony of the officer to the jury. We affirm.

[¶ 12] SANDSTROM, NEUMANN, MARING, and MESCHKE, JJ., concur.