Filed 2/1/07 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2007 ND 17

State of North Dakota, Plaintiff and Appellee

v.

Jerry Proell, Defendant and Appellant

No. 20060222

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Ladd R. Erickson, State’s Attorney, P.O. Box 1108, Washburn, ND 58577-1108, for plaintiff and appellee.

Justin Vinje (argued) and Ralph A. Vinje, Vinje Law Firm, 523 N. 4th Street, Ste. 3, Bismarck, ND 58501-4055, for defendant and appellant.

State v. Proell

No. 20060222

Crothers, Justice.

[¶1] Jerald V. Proell appeals from the criminal judgment and the district court’s decision denying the motion to suppress evidence seized during his arrest under a federal arrest warrant.  The district court found probable cause supported the original search warrants leading to the issuance of the federal arrest warrant.  Proell contends the district court erred in denying his motion to suppress evidence because probable cause did not exist to support the original search warrants and therefore evidence obtained from the search incident to arrest was inadmissible.  We affirm the district court judgment. 

[¶2] Proell was arrested at his residence under a federal arrest warrant on September 27, 2005.  Arresting officers found methamphetamine and a glass smoking pipe containing residue in Proell’s front sweatshirt pocket.  Proell was charged  in state court with possession of drug paraphernalia and possession of methamphetamine.  He was also charged in federal court on weapons charges resulting from evidence seized during his arrest.

[¶3] In October of 2005, Proell moved in federal court to suppress evidence seized during the search, but his motion was denied.  He has appealed the United States District Court’s denial of his motion to suppress to the Eighth Circuit Court of Appeals.  In May of 2006, Proell also moved in state court to suppress evidence seized during the search, contending the federal arrest warrant was issued on the basis of previous illegal search warrants.  He argued the evidence seized under the federal arrest warrant was “fruit of the poisonous tree” and should be suppressed.  Proell’s motion to suppress in state court was denied.  

I

[¶4] Proell asserts this Court must stay our proceedings or remand to the state district court pending the outcome of his federal appeal on the denial of his motion to suppress evidence because the state is in privity with the federal prosecutors and that both prosecutions are “one and the same.”  He argues estoppel and a reversal by the Eighth Circuit Court of Appeals on his motion to suppress evidence will bind this Court and preclude a contrary ruling.  Proell’s argument fails for several reasons.

[¶5] First, the North Dakota and federal prosecutions are not “one and the same” and the two jurisdictions are not acting in privity with one another.  North Dakota is prosecuting Proell for unlawful possession of drugs and drug paraphernalia under state law.  The federal prosecution stems from Proell’s illegal possession of firearms under United States law.  The prosecutions are therefore quite different, even though their origin is connected. 

[¶6] Second, North Dakota is a sovereign, separate from the federal government.  
See
 
Heath v. Alabama
, 474 U.S. 82, 88 (1985).  Each state’s power to prosecute is derived from its inherent sovereignty, not from the federal government.  
Id.
 at 89. When prosecuting entities are separate sovereigns, as they are here, the circumstances of the case and the specific interests of each sovereign are irrelevant.  
Id.
 at 92.  As a result of our inherent sovereignty, state court proceedings are not ancillary to federal proceedings and this Court is not in privity with, or bound by, the federal court’s decision on Proell’s motion to suppress evidence.  

[I]f a federal court suppresses certain evidence on Fourth Amendment grounds, that ruling does not foreclose a state court from holding that this same evidence is admissible against the same defendant in a state prosecution.  By the same token, if certain evidence was ruled inadmissible on Fourth Amendment grounds in a state prosecution, and the defendant benefitting from that ruling is later subjected to a federal prosecution in which the same evidence is offered, the federal court may “make an independent determination” as to the admissibility of the evidence.

W. LaFave, 
Search and Seizure
 § 11.2(g) (4th ed. 2004).  We therefore reject Proell’s argument North Dakota cannot proceed until, or contrary to, the federal court’s ultimate decision on his federal charges.  From this conclusion it follows that North 

Dakota need not and will not stay its  proceedings until Proell’s federal appeal is fully adjudicated.

II

[¶7] Proell next asserts the district court erred in denying his motion to suppress, arguing insufficient information supported probable cause for issuance of the original search warrants.  In early April of 2005, the son of Proell’s longtime girlfriend was implicated in a poaching investigation.  On April 6, 2005, law enforcement officers obtained a warrant from a district court judge to search both the girlfriend’s property and Proell’s property, which are situated on adjacent lots in Garrison, and to which the girlfriend’s son had access.  Officers found deer antlers, eagle talons and a rifle in the girlfriend’s residence located at 78 3rd Avenue SW.  Meanwhile at the Proell address, 79 4th Avenue SW, officers also found marijuana, a Beretta pistol identified in the indictment, and $2,000 cash.  After this discovery, the search was stopped and an additional search warrant was sought.  The second search warrant was issued by the same district court judge, also on April 6, 2005.  The State did not pursue charges stemming from these two searches.  Federal grand jury proceedings against Proell began after the searches and resulted in an indictment and the September 2005 federal arrest warrant.  Proell was arrested under this federal arrest warrant and did not challenge the search conducted incident to his arrest.  Peace officers are authorized to make arrests under a warrant.  N.D.C.C. § 29-06-02; N.D.R.Crim.P. 4.  Officers “executing a warrant or other process in good faith and under color of law shall be deemed to be acting lawfully.”  N.D.C.C. § 12.1-08-02(2).  

[¶8] “‘The Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment, and Article I, § 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures by the government.’”  
State v. Gregg
, 2000 ND 154, ¶ 22, 615 N.W.2d 515 (quotation omitted).  The United States Supreme Court has defined a Fourth Amendment search as an intrusion into a person’s reasonable expectation of privacy.  
Id.
; 
see
 
Katz v. United States
, 389 U.S. 347 (1967).  “When an individual reasonably expects privacy in an area, the government . . . must obtain a search warrant unless the intrusion falls within a recognized exception to the warrant requirement.”  
Gregg
, at ¶ 23.  One exception to the warrant requirement is when a search is conducted incident to a valid arrest.  
Cf.
 
New York v. Belton
, 453 U.S. 454, 460 (1981) (when a police officer has made a lawful arrest of the occupant of an automobile, the officer may, “as a contemporaneous incident of that arrest, search the passenger compartment of that automobile” without a warrant).

[¶9] The officers here were executing an arrest warrant.  The officers were acting lawfully under N.D.C.C. § 29-06-02.  Proell has made no contrary showing.  Therefore, the contraband yielded is admissible against Proell because it was found in a search incident to a valid arrest unless the search is invalidated on another basis. 

[¶10] Proell argues the other basis is the “fruit of the poisonous tree” doctrine.  He asks that this Court go behind the facially valid arrest warrant and determine probable cause did not exist for issuance of the original search warrants.  We question whether the doctrine requires that analysis under the circumstances of this case and leave the answer for another day because of the status of the record before us.

[¶11] When Proell challenged the probable cause finding in his motion to suppress, the state district court received evidence about circumstances of the arrest, briefs and the transcript of the proceeding on Proell’s motion before the federal district court.  The state district court was not provided with all of the evidence presented to the search warrant-issuing judge.  Based on the record before it, the state district court concluded the subsequent arrest warrant and arrest were not “fruit from a poisonous tree.” 

[¶12] “Whether probable cause exists to issue a search warrant is a question of law.”  
State v. Ebel
, 2006 ND 212, ¶ 12, 723 N.W.2d 375.  This Court reviews a search warrant’s validity using the totality-of-the-circumstances approach, independent of the district court’s determination.  
Id.
 at ¶ 13.  We consider all information for probable cause together, and we test affidavits executed in support of a warrant in a commonsense and realistic fashion.  
State v. Hage
, 1997 ND 175, ¶ 10, 568 N.W.2d 741.  

[¶13] The record before this Court does not contain the original search warrants that Proell claims were defective.  Nor does the record contain the affidavits or other evidence considered by the search warrant-issuing judge.  Absent this record, we are unable to review Proell’s claim the underlying warrants were improperly issued.  We therefore reject Proell’s argument that the contraband seized during a facially lawful arrest must be suppressed.

III

[¶14] Proell argues in two different contexts that this case should be remanded to the district court for further proceedings.  He first claims appellate review is impossible because the state court’s order denying suppression is lacking in law or facts.  He next argues remand is required because the state district court relied too extensively on the federal district court’s order denying suppression.  We reject these claims because the absence of records used to obtain the underlying search warrant prevent judicial review at any level, and because the state district court does not err as a matter of law by citing to and incorporating by reference the holding of the federal court.  
But see
 
State v. LaMorie
, 558 N.W.2d 329, 331 (N.D. 1996) (holding the district court erred by relying solely on a federal magistrate’s report sent to the court after the hearing and not admitted into the record).  In any event, a district court “is presumed to have done its duty.”  
State v. Syvertson
, 1999 ND 134, ¶ 21 n.3, 597 N.W.2d 652.

IV

[¶15] We note this case comes to us after Proell conditionally plead guilty to the drug paraphernalia and drug possession charges.  The State concedes there was a conditional guilty plea, although the criminal judgment does not reflect the conditional nature of the plea; the record contains Proell’s offer to conditionally plead guilty filed thirteen days 
after
 the criminal judgment was entered.  For the purposes of this appeal, we have considered Proell’s conditional plea of guilty.  But we note N.D.R.Crim.P. 11(a)(2) requires “the consent of the court and the prosecuting attorney.”  So that we know the district court and the prosecuting attorney agree upon the motion or the issues to be appealed, this case should serve as a reminder of these requirements.  

[¶16] We also note that Proell’s appendix contains items not in the record before the district court.  “Only items in the record may be included in the appendix.  The author’s signature on the brief, under [N.D.R.App.P.] 32, certifies compliance with this rule.”  N.D.R.App.P. 30(a)(1).  “This rule prohibits parties from trying to sway this Court with materials and information that were not before the district court.”  
Schwan v. Folden
, 2006 ND 28, ¶ 13, 708 N.W.2d 863.

V

[¶17] We affirm the district court judgment.

[¶18] Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.