Filed 9/21/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 181

State of North Dakota, Plaintiff and Appellee

v.

Keith Allen Kraft, Defendant and Appellant

No. 20100005

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Per Curiam.

Julie Ann Lawyer (submitted on brief), Special Assistant State’s Attorney, United States Attorney’s Office, P.O. Box 699, Bismarck, N.D. 58502-0699, for plaintiff and appellee.

Thomas John Glass (submitted on brief), 418 East Rosser Avenue, Suite 301, Bismarck, N.D. 58501, for defendant and appellant.

State v. Kraft

No. 20100005

Per Curiam.

[¶1] Keith Kraft appealed from a district court criminal judgment convicting him of one count of manufacturing methamphetamine and two counts of possession of drug paraphernalia.

[¶2] Kraft contends that (1) the warrantless search of his vehicle was illegal and (2) the district court’s rereading of testimony went beyond the scope of the jury’s request to rehear testimony and violated Kraft’s right to a fair trial.  We summarily affirm on the first issue under N.D.R.App.P. 35.1(a)(7).  
See
 
State v. Washington
, 2007 ND 138, ¶ 17, 737 N.W.2d 382 (seizure of evidence in plain view in a vehicle after occupant’s arrest was justified under the plain view doctrine or as incident to a lawful arrest); 
State v. Proell
, 2007 ND 17, ¶ 8, 726 N.W.2d 591 (as a contemporaneous incident of a lawful arrest of an occupant of a vehicle, an officer may search the vehicle without a warrant); 
State v. Maurstad
, 2002 ND 121, ¶ 16, 647 N.W.2d 688 (law enforcement officers, as well as probation officers, may conduct warrantless probation searches).  We summarily affirm on the second issue under N.D.R.App.P. 35.1(a)(4) and (7).  
See
 
State v. Christensen
, 1997 ND 57, ¶¶ 10-11, 561 N.W.2d 631 (failure to specifically object to the scope of testimony reread to the jury waives that issue, and rereading testimony not specifically requested by the jury is harmless error).

[¶3] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom