2015 ND 34

**Mark STEINBACH, Petitioner
and Appellant**

v.

**STATE of North Dakota, Respondent
and Appellee.**

No. 20140069.

Supreme Court of North Dakota.

Feb. 12, 2015.

Chad R. McCabe, Bismarck, N.D., for petitioner and appellant.

Lori S. Mickelson, Office of Attorney General, Bismarck, N.D., for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Mark Steinbach appeals from a judgment granting his application for post-conviction relief in part and denying his application in part. Steinbach argues the district court erred in partially denying his application because his prior post-conviction counsel was ineffective for failing to argue or provide evidentiary support that he received ineffective assistance of counsel from his trial and appellate counsel. We affirm.

I

[¶ 2] In April 1997, a jury convicted Steinbach of murder, a class AA felony, and physical obstruction of a governmental function and tampering with physical evidence, class A misdemeanors. Steinbach was sentenced to life imprisonment, without the opportunity of parole, for his murder conviction. This Court affirmed his convictions on appeal. *State v. Steinbach*, 1998 ND 18, 575 N.W.2d 193.

[¶ 3] In 1999, Steinbach applied for post-conviction relief. The application was later dismissed without prejudice for failure to comply with the district court's briefing schedule.

[¶ 4] In 2002, Steinbach filed a second application for post-conviction relief. The district court dismissed his application without a hearing. The court found Steinbach failed to provide evidentiary support for his claims. Steinbach appealed, and this Court affirmed the district court's decision. *Steinbach v. State*, 2003 ND 46, 658 N.W.2d 355.

[¶ 5] In March 2012, Steinbach again applied for post-conviction relief. He argued his prior post-conviction counsel was ineffective for failing to provide evidentiary support for his prior claims of ineffective assistance of counsel and for failing to argue his trial and appellate counsel were

ineffective for failing to raise issues related to the admission of evidence, sufficiency of the evidence, improper jury instructions, prosecutorial misconduct, and the applicability of the physical obstruction of a governmental function statute under the facts of his case. The State moved for summary dismissal of the application.

[¶ 6] After an evidentiary hearing, the district court granted Steinbach's application on his ineffective assistance claim related to the applicability of the physical obstruction of a governmental function statute and ordered that he was entitled to a new trial on that charge. The court denied his application on the remaining issues.

## II

[¶ 7] Steinbach argues the district court erred in partially denying his application because his prior post-conviction counsel was ineffective for failing to argue or present evidence that his trial and appellate counsel were ineffective.

[¶ 8] Under N.D.C.C. § 29–32.1–09(2), an applicant may not claim ineffective assistance of post-conviction counsel. An application must be filed within two years of the date the conviction becomes final. N.D.C.C. § 29–32.1–01(2). However, these provisions were added to N.D.C.C. ch. 29–32.1 and became effective on August 1, 2013. 2013 N.D. Sess. Laws ch. 248. Because Steinbach's application was filed in 2012, the prior version of the chapter applies and these provisions do not bar his application.

[¶ 9] In reviewing post-conviction proceedings, the district court's factual findings will not be disturbed on appeal unless the findings are clearly erroneous. *Coppage v. State*, 2014 ND 42, ¶ 14, 843 N.W.2d 291. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, it is not supported by any evidence, or if we are left with a definite and firm conviction a mistake has been made. *Id.* Questions of law are fully reviewable. *Id.* Ineffective assistance of counsel is a mixed question of fact and law, which is fully reviewable on appeal. *Id.* at ¶ 17.

[¶ 10] Generally, an applicant for post-conviction relief has the burden to establish a basis for relief. *Coppage*, 2014 ND 42, ¶ 14, 843 N.W.2d 291. To establish a claim for ineffective assistance of counsel, the applicant has the burden to prove both prongs of the test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) counsel's representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel's deficient performance. *Coppage*, at ¶ 17. The applicant must first overcome the strong presumption counsel's representation fell within the wide range of reasonable professional assistance. *Id.* To meet the "prejudice" prong of the test, the applicant must establish a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* The applicant must prove that his counsel's assistance was ineffective and must specify how and where counsel was incompetent and the probable different result. *Id.* " 'Unless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial.' " *Id.* (quoting *Coppage v. State*, 2013 ND 10, ¶ 12, 826 N.W.2d 320 ("*Coppage II* ")). A "reasonable probability" is a probability sufficient to undermine confidence in the

outcome of the proceeding. *Coppage*, at ¶ 17.

[¶ 11] All of Steinbach's issues on appeal are based on his claim that his prior post-conviction counsel was ineffective for failing to argue or present evidence that his trial and appellate counsel were ineffective. Therefore, he must prove (1) his trial and appellate counsel's representation fell below an objective standard of reasonableness, (2) there is a reasonable probability that the result of the trial or appeal would have been different absent his counsel's alleged errors, (3) his prior post-conviction counsel's performance fell below an objective standard of reasonableness by not arguing his trial and appellate counsel were ineffective, and (4) there is a reasonable probability the result of his prior post-conviction proceeding would have been different absent his counsel's alleged errors. *See Coppage II*, 2013 ND 10, ¶ 25, 826 N.W.2d 320.

### A.

[¶ 12] Steinbach argues his trial counsel was ineffective for failing to object to the admission of evidence of prior bad acts and opening the door and eliciting further evidence of the prior bad acts. He contends the State improperly questioned a witness about a prior incident when Steinbach hit the murder victim, Debra Reinhardt, in the head with a gun, and his attorney erred by questioning him about the incident and about another incident involving an altercation with a knife. He claims the district court did not conduct the required analysis under N.D.R.Ev. 404(b) and 403 before admitting the evidence and did not give a cautionary instruction. The State argues N.D.R.Ev. 404(b) does not apply because the evidence was introduced to show a pattern of activity between Steinbach and Reinhardt and it

was circumstantial evidence of the requisite criminal intent.

[¶ 13] Rule 404(b), N.D.R.Ev., governs the admission of evidence of prior crimes, wrongs, or other acts. At the time of Steinbach's trial, the rule provided:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

N.D.R.Ev. 404(b) (1997). In considering N.D.R.Ev. 404(b) evidence, the court must apply a three-step analysis to determine whether the evidence of other crimes or acts is admissible:

1) the court must look to the purpose for which the evidence is introduced; 2) the evidence of the prior act or acts must be substantially reliable or clear and convincing; and 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts.

*State v. Alvarado*, 2008 ND 203, ¶ 14, 757 N.W.2d 570 (quoting *State v. Gaede*, 2007 ND 125, ¶ 26, 736 N.W.2d 418); *see also State v. Christensen*, 1997 ND 57, ¶ 7, 561 N.W.2d 631. If evidence of the prior acts satisfies the three-part test, the court must also consider whether the probative value of the evidence outweighs any prejudicial

effect under N.D.R.Ev. 403. *See Alvarado*, at ¶ 19.

[¶ 14] During the trial, the State questioned Steinbach's son about Steinbach and Reinhardt's relationship, and he testified that Steinbach and Reinhardt got into "big fights," in which they would physically fight and hit each other, about one time per month and there were times Steinbach physically harmed Reinhardt. Steinbach's attorney asked Steinbach's son about an incident when Reinhardt pulled a rifle on Steinbach; the State objected to the question, arguing it was not relevant; the court overruled the State's objection; and Steinbach's son testified that he did not see the incident happen, but Steinbach told him about it. The State also questioned Steinbach's son about the incident and he testified that his father told him Reinhardt pulled a rifle on Steinbach and his father took the rifle away and hit Reinhardt on the head with it. Steinbach's son testified that he observed that Reinhardt had a very large wound on the back of her head and a large bruise on her face. Steinbach's attorney questioned Steinbach about the incident. Steinbach testified it occurred in December 1995; they had been drinking alcohol; Reinhardt hit him with the rifle; he took the weapon away from her; the end of the rifle hit her when he pulled it out of her hands; she tripped and hit her face on a desk.

[¶ 15] Steinbach also testified about another incident involving Reinhardt that occurred in November 1995. He testified Reinhardt threatened him with a kitchen knife, she cut her arm with the knife, and he took her to the hospital. Steinbach's attorney also questioned a witness who lived with Steinbach and Reinhardt about the incident, and the witness testified Reinhardt and Steinbach had been drinking, Reinhardt told him Steinbach cut her, and both Reinhardt and Steinbach later told

him that Reinhardt's allegation was not true.

[¶ 16] The district court denied Steinbach's application for post-conviction relief on this issue, concluding Steinbach failed to show his counsel was ineffective for failing to object to the evidence or that the result would likely be different had the evidence been excluded. The court noted that Steinbach's counsel did not object to the introduction of the alleged prior bad acts evidence and also noted that some of the evidence came in through questioning by Steinbach's counsel. The court explained:

> [T]he testimony presented at trial was not prior bad act evidence prohibited by Rule 404(b), but instead was evidence of activity in furtherance of the same criminal activity. These acts are admissible, as they provide a pattern of the same activity (drinking, fighting, possession of firearms) between these same people (Steinbach and Reinhardt). *See State v. Paul*, 2009 ND 120, ¶ 26–27, 769 N.W.2d 416.
>
> Even if the challenged evidence were considered Rule 404(b) character evidence, an application of the three-step analysis to determine its admissibility would have likely resulted in the trial court admitting the evidence. The state argues the evidence could be used as proof of motive, plan, preparation, absence of mistake and intent, which are permissible purposes under the rule. The reliability of the evidence was confirmed by Mark Steinbach's own testimony concerning the prior acts. And as the Supreme Court stated in its opinion affirming the judgment of conviction and sentence, there was "substantial evidence in this record to support Steinbach's convictions."

The court also considered N.D.R.Ev. 403 and found the evidence's probative value

was not substantially outweighed by its prejudicial effect, because Steinbach argued Reinhardt committed suicide, the probative value of prior arguments involving alcohol and firearms was high, and the prior acts were relatively recent in time to the offense.

[¶ 17] The district court concluded the testimony was not prior bad acts evidence prohibited under N.D.R.Ev. 404(b), and instead was admissible evidence of the pattern of the same activity between the same people. The court cited *Paul*, 2009 ND 120, ¶¶ 26–27, 769 N.W.2d 416, in support of its analysis that the evidence was admissible and was not prior bad acts evidence. *Paul* had not been decided at the time of Steinbach's trial and the trial court could not have relied on that decision in deciding whether to admit the evidence if Steinbach's attorney raised this issue. However, *Christensen*, 1997 ND 57, 561 N.W.2d 631, was decided shortly before the trial and the holding is based on a similar rationale.

[¶ 18] In *Christensen*, 1997 ND 57, ¶ 6, 561 N.W.2d 631, the defendant argued the trial court improperly admitted evidence in his gross sexual imposition trial of prior non-criminal acts occurring in Minnesota. This Court held the admission of the evidence was not a Rule 404(b) issue, the evidence was not independent of the charged crime, it was evidence of activity in furtherance of the same criminal activity, and the district court did not abuse its discretion in admitting the evidence. *Id.* at ¶ 8. We explained:

> The longstanding common law rule on prior-act evidence is that it is inadmissible when it is evidence of "a wholly separate and independent crime" and is used to show a propensity to commit such acts. Rule 404(b) is an embodiment of this common law rule. Thus, Rule 404(b) only excludes evidence of

other acts and crimes committed by the defendant when they are *independent* of the charged crime, and do not fit into the rule's exceptions.

*Id.* (citations omitted). In other cases, this Court also said, "evidence of other acts or offenses may be admissible when 'the evidence provides a more complete story of the crime by putting it in context of happenings near in time and place[.]' " *State v. Biby*, 366 N.W.2d 460, 463 (N.D.1985) (quoting *State v. Frye*, 245 N.W.2d 878, 883 (N.D.1976)). This Court held the admissibility of evidence of prior acts to establish intent and absence of mistake or accident was well established in cases involving other types of abuse. *See State v. Ohnstad*, 359 N.W.2d 827, 838 (N.D.1984).

[¶ 19] In this case, the prior acts occurred within months of the charged crime. The prior acts and the charged crime involved the same individuals. There was evidence Steinbach and Reinhardt had been drinking and argued on the day Reinhardt died, and the evidence of the prior acts showed a pattern of conduct between Steinbach and Reinhardt leading up to Reinhardt's ·death, which included drinking, arguing, and physical violence. The evidence provided a clearer picture of the relationship between Steinbach and Reinhardt, and it helped provide a more complete story of the crime. The testimony was admissible.

[¶ 20] Even if Steinbach's attorney objected to the evidence and the issue had been raised during the · trial, N.D.R.Ev. 404(b) and 403 would not have precluded admission of the evidence. Evidence of prior acts is not admissible under N.D.R.Ev. 404(b) to prove "the character of a person in order to show action in conformity therewith," but it may be admissible for other purposes, including proof of motive and intent. The evidence was not admitted to show Steinbach's

character and the probability that he acted in conformity therewith; rather, it was admitted for other purposes. The State contends the evidence was presented to prove motive, absence of mistake, and intent, and to rebut Steinbach's character evidence that he would not intentionally kill Reinhardt. The evidence was admissible to show absence of mistake and Steinbach's intent. Steinbach testified about the prior acts, and therefore the evidence was substantially reliable. There was also proof of the crime charged without considering the evidence of the prior acts. This Court previously held there was substantial evidence supporting Steinbach's conviction, including evidence from the pathologist who performed the autopsy that Reinhardt was the victim of a homicide shooting, Steinbach's testimony that he had a heated argument with Reinhardt the night before her death, Steinbach's shotgun killed Reinhardt, Steinbach hid the gun and other potential evidence in a barn after her death, he conceded that he dragged her nude body to a shelter belt, and he admitted he lied to authorities that she was missing and he did not know her whereabouts. *State v. Steinbach*, 1998 ND 18, ¶¶ 18–20, 575 N.W.2d 193. The evidence satisfied the N.D.R.Ev. 404(b) three-step analysis, and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice under N.D.R.Ev. 403.

[¶ 21] Further, Steinbach's defense was that Reinhardt committed suicide, and it was part of the defense's trial strategy to show Reinhardt's instability. Steinbach's attorney elicited the testimony about the incident with the rifle and the incident with the knife. The decision to elicit this testimony was part of the defense's trial strategy. We do not second guess matters of trial strategy. *Noorlun v. State*, 2007 ND 118, ¶ 12, 736 N.W.2d

477. "Merely because a defendant does not prevail in a criminal prosecution that involves strategic choices by trial counsel does not mean those choices constitute ineffective assistance of counsel." *Id.*

[¶ 22] We conclude Steinbach failed to establish he received ineffective assistance of counsel in his prior post-conviction proceedings because his attorney failed to argue and present evidence that his trial counsel was ineffective for failing to object to the prior acts evidence.

### B

[¶ 23] Steinbach argues his trial and appellate counsel were ineffective for failing to argue there was insufficient evidence on the "intent" element of his murder charge.

[¶ 24] The district court denied Steinbach's application on this issue, finding the issue was barred by res judicata. The court noted that Steinbach's counsel moved for judgment of acquittal based on the sufficiency of the evidence during the trial, the motion was denied, the issue was appealed to this Court, and this Court affirmed and held there was substantial evidence to support the conviction.

[¶ 25] An application for post-conviction relief may be denied on the grounds that the same claim or a variation of the same claim was previously raised and decided in a prior proceeding. N.D.C.C. § 29-32.1–12. In *State v. Steinbach*, 1998 ND 18, ¶¶ 17–20, 575 N.W.2d 193, this Court reviewed Steinbach's claim that the trial court erred in denying his motion for judgment of acquittal and held there was "substantial evidence" to support his conviction. In denying Steinbach's motion for judgment of acquittal, the trial court ruled there was sufficient evidence to establish each element of the offense beyond a reasonable doubt. *See State v. Gonzalez*, 2000 ND 32, ¶ 15, 606

N.W.2d 873 (to rule on a motion for judgment of acquittal, the court must decide whether a reasonable person would be justified in concluding from the evidence that all the elements of the crime have been established beyond a reasonable doubt). This Court affirmed the trial court's decision and held there was sufficient evidence of each element of the offense, including the "intent" element. Steinbach failed to establish the result of his prior post-conviction proceedings would have been different if his attorney raised this issue.

### C

[¶ 26] Steinbach argues his trial counsel was ineffective for failing to object to a jury instruction about witness credibility. He contends the court improperly instructed the jury that each witness is presumed to have told the truth, and the improper instruction affected his substantial rights and conflicted with his presumption of innocence.

[¶ 27] The jury instruction stated, "If you find a conflict in the evidence you should reconcile it, if you can, because each witness is presumed to have told the truth. If you cannot do so, you have the right to determine whom of the witnesses you will believe, in whole or in part." This Court has said a "presumption of truthfulness" instruction is improper in a criminal case because it impinges upon a non-testifying defendant's presumption of innocence and invades the province of the jury to determine witness credibility. *State v. Sievers*, 543 N.W.2d 491, 498 (N.D. 1996). However, the instruction does not impinge upon the defendant's presumption of innocence when the defendant testifies. *Id.* This Court has held the use of the "presumption of truthfulness" instruction is not obvious error when the defendant testifies. *Id.*

[¶ 28] The district court concluded the instruction was improper in this case because it constituted a comment by the court on the weight and credibility of the evidence. But the court found Steinbach failed to show the improper instruction was obvious or plain error. The court explained:

> If anything, the instruction should have benefited [sic] Steinbach as he testified that he did not shoot Reinhardt. He was the closest thing to an eyewitness that was presented at trial. It is clear that the jury considered the introductory part of the instruction by trying to reconcile the evidence if possible as the position of the defendant and state were diametrically opposed. Since that evidence could not be reconciled, the jury apparently believed the State. Even if a showing of obvious or plain error was met, Steinbach has not shown that but for counsel's failure to object and the trial court not giving the instruction, the result would have been different. Steinbach has failed to meet his burden under the second prong of Strickland. The Supreme Court has already acknowledged the substantial evidence against Steinbach and this court has not been persuaded that the result would have been different absent the instruction. There was no evidence from any juror that they improperly relied upon the instruction and abdicated their duty to judge the credibility of the witnesses.

[¶ 29] Steinbach testified that he did not shoot Reinhardt and the State presented evidence supporting its claim that Steinbach shot and killed Reinhardt. There was a direct conflict in the evidence and, if the jury applied the instruction, they were required to attempt to reconcile the evidence if possible and to determine which witness to believe if they could not reconcile the evidence. We presume the jury followed the court's instruction and

determined the witnesses' credibility. *See State v. Chacano*, 2013 ND 8, ¶ 25, 826 N.W.2d 294. The instruction did not impinge upon Steinbach's presumption of innocence and it did not invade the province of the jury to determine witness credibility. Steinbach has not shown that the result of the trial would have been different if his counsel objected to the instruction and that the result of his prior post-conviction proceedings would have been different if his counsel raised this issue.

### D

[¶ 30] Steinbach argues his trial and appellate counsel were ineffective for failing to object to or argue the State committed prosecutorial misconduct. In reviewing claims of prosecutorial misconduct, we determine whether the prosecutor's actions were misconduct and, if they were, we examine whether the misconduct had prejudicial effect. *Coppage*, 2014 ND 42, ¶ 23, 843 N.W.2d 291.

[¶ 31] Steinbach argues the prosecutor made many improper comments during closing argument, including "We know that's a lie now, of course," "And then I guess I find all those items highly probative of his guilt. I think you should too," "Now, I found [the witness] to be a credible witness," "some of these statements don't have much credibility to me," "I think he was telling the truth," and "he's a credible witness." Steinbach contends the prosecutor continuously injected his personal beliefs into his argument, acted as an unsworn witness, and vouched for witnesses and the evidence.

[¶ 32] The district court found the prosecutor's statements during closing arguments were improper and Steinbach's counsel should have objected and requested a curative instruction. But the court also found that Steinbach failed to show that the result would have been different if

his counsel objected and a curative instruction had been given.

[¶ 33] "An attorney has a right to argue to the jury the credibility of witnesses as long as he confines that argument to the evidence and fair inferences that arise therefrom." *State v. Rivet*, 2008 ND 145, ¶ 4, 752 N.W.2d 611. But it is improper for a prosecutor to vouch for a witness's credibility. *City of Williston v. Hegstad*, 1997 ND 56, ¶ 12, 562 N.W.2d 91. A prosecutor may properly draw reasonable conclusions and argue permissible inferences from the evidence during closing arguments, but the prosecutor may not create evidence by argument or by incorporating personal beliefs. *Rivet*, at ¶ 5.

[¶ 34] In this case, some of the prosecutor's comments during closing argument were improper, and Steinbach's trial counsel should have objected. However, Steinbach must establish that there is a reasonable probability the result of his trial would have been different if his counsel had objected to the prosecutor's statements and requested a curative instruction. *See Coppage*, 2014 ND 42, ¶ 17, 843 N.W.2d 291.

[¶ 35] The trial court instructed the jury that the attorneys' arguments were not evidence and the jury was required to base its verdict on the evidence presented. The jury instructions further explained:

[T]he argument or other remarks of an attorney, except admissions and stipulations noted in the course of the trial, must not be considered by you as evidence.

If counsel or I have made any comments or statements concerning the *evidence* which you find are not warranted by the evidence, you should wholly disregard them and rely upon your own recollection or observation.

If counsel have made any statements as to the *law* which are not warranted

by these instructions, you should wholly disregard those statements.

The court also instructed the jury that they alone had the duty to weigh the evidence and determine the witnesses' credibility. We presume the jury followed the court's instructions. *State v. Patterson*, 2014 ND 193, ¶ 15, 855 N.W.2d 113. The court's instructions minimized any prejudice from the prosecutor's improper comments. *See id.; Rivet*, 2008 ND 145, ¶¶ 5, 7, 752 N.W.2d 611. There was substantial evidence supporting Steinbach's conviction. On this record, Steinbach has not shown the result of his trial would have been different if his counsel had objected to the prosecutor's comments and requested a curative instruction. Steinbach has not established his post-conviction counsel was ineffective for failing to raise this issue in prior post-conviction proceedings.

E

[¶ 36] Steinbach claims his trial counsel was ineffective for failing to investigate or prepare witnesses to testify. He contends the testimony of two defense witnesses conflicted with his testimony and if his trial counsel had properly interviewed the witnesses he would have learned of their inconsistencies before trial.

[¶ 37] Although the witnesses' testimony may have conflicted with Steinbach's testimony, Steinbach failed to present any evidence that his attorney did not interview the witnesses and prepare them for trial. Steinbach failed to establish his trial counsel's representation fell below an objective standard of reasonableness, and therefore he failed to establish he received ineffective assistance of prior post-conviction counsel.

F

[¶ 38] Steinbach claims his trial counsel was ineffective for failing to properly advise him during the plea bargain process. He contends he was charged with class AA murder, the State offered a plea bargain of class A murder and he turned down the offer, his attorney told him he thought they would get an instruction on class A murder or the charge would be dropped to class A murder during the trial, and he believed the offer would remain open until the verdict. Steinbach claims he was not properly advised that the charge would not get dropped and he was not advised of the consequences of rejecting the offer. He contends there was undisputed testimony the outcome of the plea process would have been different with competent advice.

[¶ 39] To establish a defendant received ineffective assistance of counsel in the context of plea bargains, the defendant must show that his counsel's representation fell below an objective standard of reasonableness and that the outcome of the plea process would have been different with competent advice. *Lafler v. Cooper*, — U.S. —, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012). To establish the prejudice prong of the *Strickland* test, the defendant must show:

> that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 1385.

[¶ 40] The district court found Steinbach told the court during sentencing that he did not kill Reinhardt and he would have taken the offered plea bargain if he had killed her. The court found there was

evidence the decision to proceed to trial without requesting a lesser included offense was trial strategy, and his trial attorney said "with [Steinbach] it was all or nothing" because Steinbach maintained that he had nothing to do with Reinhardt's death. The court found Steinbach now regrets not accepting the offer in light of his class AA felony conviction.

[¶ 41] In a deposition, Steinbach's trial counsel testified that Steinbach always said he was not going to plead guilty to any thing he did not do, that was his position throughout the whole criminal proceeding, and Steinbach said there was no way he was going to accept the plea because he was not involved in Reinhardt's death. During sentencing Steinbach was asked if he had anything to say, he indicated that he did, and he said, "I didn't kill [Reinhardt]. And if I had, I would have taken the deal they offered the week before." The evidence supports the court's findings. Steinbach failed to show that but for his counsel's failure to properly advise him on the plea he would have accepted the plea. Steinbach has failed to establish his prior post-conviction counsel was ineffective for failing to raise this issue.

### III

[¶ 42] We conclude Steinbach failed to establish his prior post-conviction counsel was ineffective for failing to argue and present evidence that he received ineffective assistance of counsel from his trial and appellate counsel. We affirm the judgment.

[¶ 43] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.