# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 156

Fabian Cabralas Harrison,                                         Petitioner and Appellant

  v.

State of North Dakota,                                         Respondent and Appellee

### No. 20200070

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Douglas A. Bahr, Judge.

AFFIRMED.

Per Curiam.

Samuel A. Gereszek, Grand Forks, ND, for petitioner and appellant.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for respondent and appellee.

**Per Curiam.**

[¶1]  Fabian Harrison appealed from a district court order denying his application for post-conviction relief. Following a jury trial, Harrison was convicted of two A felony counts of Gross Sexual Imposition and two AA felony counts of Gross Sexual Imposition for engaging in sexual acts with a minor. Harrison was sentenced to the minimum mandatory twenty-years incarceration followed by five years parole/probation. Harrison filed an application for post-conviction relief alleging ineffective assistance of counsel. Harrison contended his trial counsel failed to adequately explain a plea agreement offered to him by the State to which Harrison would have pleaded guilty and received a "time-served" sentence. Harrison also contended his trial counsel did not contact witnesses Harrison provided to him.

[¶2]  An evidentiary hearing was held on Harrison's application. At the hearing, Harrison testified he lied to his trial counsel that the acts leading to the charges against him never occurred when they in fact had occurred. Harrison also testified he lied during his testimony at trial that the acts leading to the charges against him never occurred. Harrison testified that had his trial counsel contacted the witnesses Harrison provided, Harrison's trial counsel would have learned that Harrison was lying and that Harrison did engage in sexual acts with the victim. The district court determined Harrison failed to establish he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and denied Harrison's application.

[¶3]  "To establish a defendant received ineffective assistance of counsel in the context of plea bargains, the defendant must show that his counsel's representation fell below an objective standard of reasonableness and that the outcome of the plea process would have been different with competent advice." *Steinbach v. State*, 2015 ND 34, ¶ 39, 859 N.W.2d 1 (citing *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). To establish the prejudice prong of the *Strickland* test, the defendant must show:

that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* (quoting *Lafler*, at 164).

[¶4]   In *Steinbach*, we affirmed the denial of an application for post-conviction relief when Steinbach told his attorney he was not involved in the charged crime and was not going to plead guilty to anything he did not do. *Id.* at ¶¶ 40-41. We concluded "Steinbach failed to show that but for his counsel's failure to properly advise him on the plea he would have accepted the plea." *Id.* at ¶ 41.

[¶5]   Harrison told his trial counsel and maintained through trial that he did not commit the acts for which he was charged. The district court did not clearly err in denying Harrison's application for post-conviction relief. We summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶6]   Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte